1  **WHGC, P.L.C.**
   Jeffrey C.P. Wang (SBN 144414)
2  *JeffreyWang@WHGCLaw.com*
   Michael G. York (SBN 89945)
3  *MichaelYork@WHGCLaw.com*
   Kathleen E. Alparce (SBN 230935)
4  *KathleenAlparce@WHGCLaw.com*
   Jessica A. Crabbe (SBN 263668)
5  *JessicaCrabbe@WHGCLaw.com*
   1301 Dove Street, Suite 1050
6  Newport Beach, CA 92660
   Tel: (949) 833-8483; Fax: (866) 881-5007

Attorneys for Plaintiff
*BROWAN COMMUNICATIONS INC.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA [WESTERN DIVISION]

| | |
|---|---|
| BROWAN COMMUNICATIONS INC., a Taiwanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CAL CHIP ELECTRONICS SPECIALTY PRODUCTS, INC., a Delaware corporation; CALCHIP CONNECT, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT**<br><br>2) **COMMON COUNTS – GOODS SOLD AND DELIVERED** |

Plaintiff BROWAN COMMUNICATIONS INC. ("Browan") (collectively hereinafter "Plaintiff"), by and through its counsel of record, hereby alleges the following claims against Defendants CAL CHIP ELECTRONICS SPECIALTY PRODUCTS, INC. ("CCE"), and CALCHIP CONNECT, INC. ("CCC") (collectively

1
COMPLAINT

hereinafter the "Defendants"), and alleges the following bases on personal knowledge, unless indicated on information and belief:

## JURISDICTION

1. The Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a) as Plaintiff, on the one hand, and Defendants on the other, are citizens of a foreign country and a United States state, and the amount in controversy exceeds $75,000, excluding interest and costs.

## PARTIES

2. Plaintiff Browan is a corporation organized under the laws of Taiwan, having its principal place of business at No. 15-1 Zhonghua Road, Hsinchu, Industrial Park, Taiwan 30352.

3. On information and belief, Defendant CCE is a Delaware corporation having its principal place of business at 59 Steamwhistle Drive, Warminster, PA 18974.

4. On information and belief, Defendant CCC is a Delaware corporation having its principal place of business at 59 Steamwhistle Drive, Warminster, PA 18974.

5. Plaintiff is informed and believes, and thereon alleges, that Defendants were the knowing co-conspirators, agents, servants, employees, joint venturers, successors-in-interest, and/or alter egos of their Co-Defendants, and that each was acting (i) within the course and scope of such conspiracy, agency, employment, successorship, and/or venture; or (ii) with the authority, authorization, and/or ratification of the Co-Defendants.

## FACTUAL BACKGROUND

6. On and around August 18, 2021, Defendant CCC issued a purchase order to acquire 20,000 units of electronic wireless devices, known as "MarryIoT Hotspot Miner V1" ("Products"), from Plaintiff Browan. The per unit price for these Products was set at $199.00. Products were to be shipped to Defendant CCE at 59 Steamwhistle Drive, Warminster, PA 18974 ("Destination"). A true and correct copy of the Purchase Order is attached to this Complaint as **Exhibit 1**.

7. Based on information and belief, Products were dispatched in separate lots and were intended to be received individually.

8. The Products were shipped on the "Free on Board" ("FOB") terms to the Destination. Pursuant to the FOB terms, Plaintiff Browan diligently prepared the Products for shipment and caused them to be successfully loaded onto the transportation carrier at the point of origin. Furthermore, Plaintiff Browan dutifully furnished all requisite shipping documentation to Defendant CCE, including invoices, packing lists, proofs of delivery, and any other essential documents necessary for customs clearance and transportation.

9. Invoice #GT-21121301A, issued by Plaintiff Browan, indicated that the first shipment of 5000 units of Products would be made on December 13, 2021, with a billed amount of $995,000.00. However, the actual quantity of Products delivered was 4740 units, resulting in an adjusted billing amount of $943,260.00. Both parties mutually acknowledged the receipt of 4740 units, and the corresponding billing amount was computed based on this factual delivery. True and correct copies of the invoice and Proof of Delivery are attached to this Complaint as **Exhibit 2**.

10. Based on invoice #GT-21123001A issued by Plaintiff Browan, the second shipment of 4760 units of Products was made on December 30, 2021, with a billed amount of $947,240.00. True and correct copies of the invoice, packing list, and Proof of Delivery are attached to this Complaint as **Exhibit 3**.

11. Based on information and belief, the two shipments were received by Defendant CCE on January 4 and January 10, 2022, respectively. Please refer to the Proofs of Delivery for both shipments in **Exhibit 2** and **Exhibit 3**.

12. Plaintiff is informed and believes that Products fully conformed to the terms of the purchase contract. Defendant CCE was provided with a reasonable opportunity to inspect the goods, and no rejection was raised after such inspection.

13. The above-mentioned invoices were issued to Defendant CCE on December 27, 2021 and January 17, 2022, respectively.

14. The total amount due under the above-mentioned invoices is $1,890,500.00. Between November 2021 and December 2022, Plaintiff Browan received partial payments totaling $908,900.00 from Defendant CCC (see **Exhibit 4**), leaving the remaining balance of $981,600.00.

15. As of today, Plaintiff Browan has received no further payment from either Defendant.

16. As a result of the foregoing, Plaintiff Browan has incurred actual, substantial, and consequential damages in the amount to be proven at trial, but in an amount not less than $981,600.00.

17. Plaintiff Browan made several attempts to engage in negotiation with Defendants. However, Defendants have consistently failed to fulfill their obligation to remit full payment for both shipments and have shown reluctance in maintaining open communication with Plaintiff Browan. The conduct of Defendants has left Plaintiff Browan with no choice but to halt any further shipments.

### FIRST CLAIM FOR RELIEF

### Breach of Contract

### (Against Defendants CCE, CCC, and DOES 1-10)

18. Plaintiff refers to and incorporates by reference each and every allegation in the preceding paragraphs, as if fully set forth herein.

19. Plaintiff is a merchant engaged in the design, manufacture, and sale of wireless electronic devices that integrate wireless technology such as WiFi, BLE, LTE, and LoRa.

20. Defendants are merchants engaged in selling and offering to sell integrated electronic products.

21. On or about December 13, 2021 and December 30, 2021, Plaintiff and Defendants entered into written contracts (Purchase Order and invoices), whereby Plaintiff agreed to sell and Defendants agreed to purchase the Products for a total of $1,890,500.00.

22. Both parties agreed to those express and material terms – that Plaintiff would sell the Products to Defendants in the agreed upon quantities and at the unit price.

23. Plaintiff tendered conforming goods in the right place at the right time. The Products delivered were in conformity with the purchase contract. Defendant CCE was given a reasonable time to inspect the goods and did not raise any objection to the tender of goods. Defendant CCE's retention of goods is thereby deemed as acceptance of goods and must pay the contract price.

24. Defendant CCC made partial payments to Plaintiff for the Products, leaving the remaining balance of $981,600.00.

25. As a direct and proximate result of the breach of contract by Defendants, Plaintiff has incurred actual, substantial, and consequential damages in the amount to be proven at trial, but in an amount not less than $981,600.00, plus interest at the legal rate.

## SECOND CLAIM FOR RELIEF

### Common Counts – Goods Sold and Delivered

### (Against Defendants CCE, CCC, and DOES 1-10)

26. Plaintiff refers to and incorporates by reference each and every allegation in the preceding paragraphs, as if fully set forth herein.

27. Defendants requested, by words or conduct, that Plaintiff deliver goods for the benefit of Defendants, and Plaintiff delivered the goods as requested. Defendants nonetheless failed to pay for the goods sold.

28. Plaintiff has demanded that Defendants pay the amount owing but Defendants have failed and refused, and continue to fail and refuse, to pay the amount owing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For damages, in an amount according to proof, but not less than $981,600.00, plus interest at the legal rate;

2. For the cost of suit, attorney's fees, if and to the extent allowed by law; and

3. For such other and further relief as the Court may deem just and proper.

DATED: February 7, 2024                WHGC, P.L.C.

By: _____
Jeffrey C.P. Wang
Michael G. York
Kathleen E. Alparce
Jessica A. Crabbe

Attorneys for Plaintiff
*BROWAN COMMUNICATIONS INC.*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in the above-captioned action as to all claims for which they have a right to trial by jury.

DATED: February 7, 2024

WHGC, P.L.C.

By: _____
Jeffrey C.P. Wang
Michael G. York
Kathleen E. Alparce
Jessica A. Crabbe

Attorneys for Plaintiff
*BROWAN COMMUNICATIONS INC.*